1
2
3
4
5
6
7

Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
Email: shackett@sklar-law.com
         dbarney@sklar-law.com
*Attorneys for Defendants*

8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11
12
13
14
15
16
17
18

| | |
|---|---|
| HF FOODS GROUP INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>MAODONG XU; ZHOU MIN NI; FAI LAM, in his capacity as Trustee of THE IRREVOCABLE TRUST FOR RAYMOND NI; WEIHUI KWOK; and YUANYUAN WU,<br><br>                    Defendants. | CASE NO.: 2:23-cv-00748-GMN-DJA<br><br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

19
20
21
22
23
24

          Defendants Maodong Xu, Zhou Min Ni, Fai Lam, in his capacity as Trustee of The Irrevocable Trust for Raymond Ni, Weihui Kwok and Yuanyuan Wu (hereinafter "Defendants"), by and through their counsel of record, SKLAR WILLIAMS PLLC, hereby responds to Plaintiff's Complaint for Damages and Injunctive Relief for Violations of the Federal Securities Laws ("Complaint") and admit, deny and allege as follows:

25

**NATURE OF THE ACTION**

26
27
28

          1.          Answering Paragraph 1 of the Complaint, this Paragraph calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 1 of the Complaint may be construed as factual allegations, Defendants

deny each and every allegation set forth therein.

2.      Answering Paragraph 2 of the Complaint, this Paragraph calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 2 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

## JURISDICTION AND VENUE

3.      Answering Paragraph 3 of the Complaint, this Paragraph calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 3 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

4.      Answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff's headquarters and principal place of business is in this District and that HF Foods annual shareholder meeting occurred in this District on June 1, 2023 and allege that the remaining allegations in this Paragraph call for a legal conclusion and therefore Defendants need not respond to the remaining allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the remaining allegations in Paragraph 4 of the Complaint may be construed as factual allegations, Defendants deny each and every remaining allegation set forth therein.

## PARTIES

5.      Answering Paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6.      Answering Paragraph 6 of the Complaint, Defendants deny that Defendant Maodong Xu is a member of the Xu/Ni Group or that any such group exists at all.  Defendants deny Mr. Xu is chairman and CEO of Fresh2 Ecommerce.  Defendants admit that Defendant Xu is a resident of New York.

7.      Answering Paragraph 7 of the Complaint, Defendants admit that Defendant Zhou Min Ni is the co-founder of HF Foods, that Ni served as the Company's chairman from 2018 until he resigned effective February 23, 2021, and as the Company's Co-CEO from November 2019 until he resigned effective February 23, 2021, that Ni previously served as the Company's sole CEO from August 2018 to November 2019, and as HF Foods' CEO and chairman since the Company's founding in 1997 and that Defendant Ni is a resident of North Carolina.  Defendants deny the allegation that Defendant Zhou Min Ni is a member of the Xu/Ni Group or that any such group exists at all and allege that the Company's Schedule 14A filed on April 28, 2023, speaks for itself, but deny that Defendant Ni beneficially owns 5,568,975 shares of Company stock.

8.      Answering Paragraph 8 of the Complaint, Defendants deny that Defendant Weihui ("Vincent") Kwok is a member of the Xu/Ni Group or that any such group exists at all and allege that the Schedule 13D/A filed with the SEC on May 5, 2023 speaks for itself. Defendants admit that with Defendant Wu and the Trust, Defendant Kwok was also the proponent of an alternate slate of candidates for the HF Foods board of directors submitted on April 10, 2023, and subsequently filed a proxy statement on Schedule 14A on May 5, 2023 and expressly deny the proxy statement was fraudulent and allege the proxy statement speaks for itself.  Defendants admit that Defendant Kwok was an employee of HF Foods and that he was terminated and expressly deny he paid illicit kickbacks and are without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 8, and on that basis, deny each and every remaining allegation set forth therein.

9.      Answering Paragraph 9 of the Complaint, Defendants deny that Defendant Yuanyuan Wu is a member of the Xu/Ni Group or that any such group exists at all and allege that the Schedule 13D/A filed with the SEC on May 5, 2023 speaks for itself.  Defendants admit that with Defendant Kwok and the Trust, Defendant Wu was also the proponent of an alternate slate of candidates for the HF Foods board of directors submitted on April 10, 2023, and subsequently filed a proxy statement on Schedule 14A on May 5, 2023 and expressly deny the proxy statement was fraudulent and allege the proxy statement speaks for itself.

10. Answering Paragraph 10 of the Complaint, Defendants admit the Trust is a duly organized trust under the laws of North Carolina and allege that the Schedule 13D/A filed with the SEC on May 5, 2023 speaks for itself. Defendants admit that with Defendants Wu and Kwok, the Trust was also the proponent of an alternate slate of candidates for the HF Foods board of directors submitted on April 10, 2023, and subsequently filed a proxy statement on Schedule 14A on May 5, 2023 and expressly deny the proxy statement was fraudulent and allege the proxy statement speaks for itself. Defendants admit that Raymond Ni is the son of Zhou Min Ni.

11. Answering Paragraph 11 of the Complaint, Defendants admit Defendant Fai Lam is the Trustee of the Trust and expressly deny that Defendant Fai Lam is a member of the XU/Ni Group or that any such group exists at all and allege the Schedule 13D/A and 14A speak for themselves.

## **BACKGROUND**

12. Answering Paragraph 12 of the Complaint, Defendants admit the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Defendants admit the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Defendants admit HF Foods is publicly traded on NASDAQ. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations set forth therein, and upon that basis deny each and every remaining allegation set forth in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, Defendants deny the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Defendants admit that on March 23, 2020, an analyst report was published by Hindenburg Research and allege the Hindenburg Research report speaks for itself. Defendants also admit that at the relevant time period of the events raised in the analyst report, the Company was led by chairman and co-CEO Zhou Min Ni,

who originally founded HF Foods. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations set forth therein, and upon that basis deny each and every of the remaining allegations set forth in Paragraph 16.

17.    Answering Paragraph 17 of the Complaint, Defendants allege the Hindenburg Research report speaks for itself.  Defendants deny each and every remaining and/or inconsistent allegation set forth in Paragraph 17 of the Complaint.

18.    Answering Paragraph 18 of the Complaint, Defendants allege the Hindenburg Research report speaks for itself.  Defendants deny each and every remaining and/or inconsistent allegation set forth in Paragraph 18 of the Complaint.

19.    Answering Paragraph 19 of the Complaint, Defendants allege the Hindenburg Research report speaks for itself. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations set forth therein, and upon that basis deny each and every of the remaining allegations set forth in Paragraph 19.

20.    Answering Paragraph 20 of the Complaint, Defendants deny the allegations contained therein.

21.    Answering Paragraph 21 of the Complaint, the Form 10-K filed on March 16, 2020, speaks for itself.  Defendants deny each and every remaining and/or inconsistent allegation set forth in Paragraph 21 of the Complaint.

22.    Answering Paragraph 22 of the Complaint, the Form 10-K filed on March 16, 2020, speaks for itself.  Defendants deny each and every remaining and/or inconsistent allegation set forth in Paragraph 22 of the Complaint.

23.    Answering Paragraph 23 of the Complaint, Defendants admit that Revolution Industry, LLC is an entity owned by Defendant Ni's son, Raymond Ni and that the Form 10-K shows it made approximately $3.4 million from sales with the Company in 2018 and 2019 and that it received "advance payments," although Defendants are without sufficient knowledge or information as to the amount of the "advance payments."  Defendants further allege the Form 10-K and the Hindenburg Research report speak for themselves and affirmatively deny each and every remaining allegation contained in Paragraph 23.

24.     Answering Paragraph 24 of the Complaint, Defendants allege that the Company's Schedule 14A filing on October 1, 2019 and the Hindenburg Research report speak for themselves.   Defendants admit Revolution Automotive, LLC is owned by Raymond Ni. Defendants deny each and every remaining and/or inconsistent allegation set forth in Paragraph 24 of the Complaint.

25.     Answering Paragraph 25 of the Complaint, Defendants admit HF Foods paid UGO USA, Inc. approximately $1 million for purchases and admit that Mr. Ni owned a 30% interest in UGO USA, Inc. Defendants are without sufficient knowledge or information upon which to form a belief as the truth or falsity of the remaining allegations set forth in Paragraph 25, and upon that basis deny each and every remaining allegation set forth therein.

26.     Answering Paragraph 26 of the Complaint, Defendants admit that between 2017 and 2019, HF Food paid $17 million for purchases with Eastern Fresh, LLC. Defendants further allege the Hindenburg Research report speaks for itself and affirmatively deny each and every remaining allegation set forth in Paragraph 26.

27.     Answering Paragraph 27 of the Complaint, Defendants admit Mr. Ni owns 45% of Enson Seafood GA, Inc. and that he personally loaned $2 million to it and affirmatively deny each and every remaining allegation set forth in Paragraph 27.

28.     Answering Paragraph 28 of the Complaint, Defendants allege the Form 8-K disclosure of a loan purchase and sale agreement dated September 30, 2019 speaks for itself, and affirmatively deny each and every remaining allegation set forth in Paragraph 28.

29.     Answering Paragraph 29 of the Complaint, Defendants admit the allegations contained therein.

30.     Answering Paragraph 30 of the Complaint, Defendants admit the allegations contained therein.

31.     Answering Paragraph 31 of the Complaint, Defendants admit the SEC initiated a formal non-public investigation of the Company, and later issued a subpoena for documents and other information and that the Subpoena relates but is not necessarily limited to the matters

identified in the foregoing actions. Defendants are without sufficient knowledge or information upon which to form a belief as the truth or falsity of the remaining allegations set forth in Paragraph 31, and upon that basis deny each and every remaining allegation set forth therein.

32. Answering Paragraph 32 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations.

33. Answering Paragraph 33 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations.

34. Answering Paragraph 34 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations.

35. Answering Paragraph 35 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations.

36. Answering paragraph 36 of the Complaint, Defendants deny the allegations contained therein other than that the Company terminated Defendant Kwok's employment.

37. Answering paragraph 37 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations, except Defendants admit the action was settled and allege that the settlement agreement speaks for itself.

38. Answering paragraph 38 of the Complaint, Defendants deny the allegations contained therein.

39. Answering paragraph 39 of the Complaint, Defendants deny the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, Defendants admit the allegations contained therein.

41. Answering Paragraph 41 of the Complaint, Defendants admit that Chinese

7

regulators, including the Schenzhen Stock Exchange ("SZSE") and the China Securities Regulatory Commission ("CRSC") banned Defendant Xu from participating in Chinese capital markets and that the CRSC also imposed a penalty of 900,000 RMB. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 41, and upon that basis deny each and every remaining allegation set forth therein.

42. Answering Paragraph 42 of the Complaint, Defendants admit that in April 2017, the CRSC issued a letter to Defendant Xu and allege the letter speaks for itself.  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of what "the CRSC investigation revealed" and upon that basis deny each and every remaining allegation set forth in Paragraph 42.

43. Answering Paragraph 43 of the Complaint, Defendants admit there was a report issued by the SZSE in July 2019 and allege the report speaks for itself.  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of what "the SZSE investigation also revealed" and upon that basis deny each and every remaining allegation set forth in Paragraph 43.

44. Answering Paragraph 44 of the Complaint, Defendants admit there was a CSRC report dated October 30, 2019 and allege the report speaks for itself.  Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of what "the CSRC investigation revealed" and upon that basis deny each and every remaining allegation set forth in Paragraph 44.

45. Answering paragraph 45 of the Complaint, Defendants deny the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Defendants admit the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein and upon that basis deny the allegations.

48.    Answering Paragraph 48 of the Complaint, Defendants admit the allegations contained therein.

49.    Answering Paragraph 49 of the Complaint, Defendants admit the allegations contained therein.

50.    Answering Paragraph 50 of the Complaint, Defendants admit that WeChat is a mobile messaging platform and allege the WeChat messages speak for themselves. Defendants deny each and every remaining and/or inconsistent allegation set forth in Paragraph 50 of the Complaint.

51.    Answering Paragraph 51 of the Complaint, the Defendants allege the WeChat messages speak for themselves.  Defendants deny each and every remaining and/or inconsistent allegation set forth in Paragraph 51 of the Complaint.

52.    Answering Paragraph 52 of the Complaint, Defendants admit the allegations contained therein.

53.    Answering Paragraph 53 of the Complaint, Defendants admit that Defendant Xu inquired of each General Manager how many shares in the Company they owned; no one responded with an exact amount but instead provided Defendant Xu with an estimate of how many shares they owned and deny each and every remaining and/or inconsistent allegation set forth in Paragraph 53 of the Complaint.

54.    Answering paragraph 54 of the Complaint, Defendants admit that Defendant Xu made an offer to purchase each of the General Manager's shares for $6 per share in cash and deny each and every remaining and/or inconsistent allegation set forth in Paragraph 54 of the Complaint.

55.    Answering paragraph 55 of the Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations set forth therein and upon that basis deny the allegations.

56.    Answering Paragraph 56 of the Complaint, this Paragraph calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.

Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 56 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

57.     Answering Paragraph 57 of the Complaint, this Paragraph calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 57 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

58.     Answering paragraph 58 of the Complaint, Defendants deny Defendant Xu made a Tender Offer and admit the remaining allegations contained therein.

59.     Answering paragraph 59 of the Complaint, Defendants admit Defendant Xu told the General Managers he was interested in acquiring a large position in HF Foods shares and that he had already spoken with other HF Foods stockholders and that he would be speaking with other HF Foods stockholders in the near future and deny each and every remaining and/or inconsistent allegation set forth in Paragraph 59 of the Complaint.

60.     Answering paragraph 60 of the Complaint, Defendants deny the allegations contained therein.

61.     Answering paragraph 61 of the Complaint, Defendants admit to the allegations contained therein.

62.     Answering paragraph 62 of the Complaint, Defendants admit Defendant Xu told the General Managers that you can stay at the company and that he would need people like the General Managers to work at the company and deny the characterization of these statements as part of a Tender Offer or takeover of the company.  Defendants further allege they are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 62 and upon that basis deny those allegations.

63.     Answering paragraph 63 of the Complaint, Defendants admit no general Manager accepted Mr. Xu's proposal and that the meeting ended and deny each and every remaining

and/or inconsistent allegation set forth in Paragraph 63 of the Complaint.

64.     Answering paragraph 64 of the Complaint, Defendants deny the allegations contained therein.

65.     Answering paragraph 65 of the Complaint, Defendants deny the allegations contained therein.

66.     Answering paragraph 66 of the Complaint, Defendants allege the March 31, 2023, press release speaks for itself.  Defendants deny all remaining and/or inconsistent allegations in Paragraph 66 of the Complaint.

67.     Answering paragraph 67 of the Complaint, Defendants allege the April 28, 2023 Schedule 14A proxy statement speaks for itself. Defendants deny all remaining and/or inconsistent allegations in Paragraph 67 of the Complaint.

68.     Answering paragraph 68 of the Complaint, Defendants allege the Annual Meeting Notice and Bona Fide Proxy Statement speak for themselves.  Defendants deny all remaining and/or inconsistent allegations in Paragraph 68 of the Complaint.

69.     Answering paragraph 69 of the Complaint, Defendants allege the Bona Fide Proxy Statement speaks for itself.  Defendants deny all remaining and/or inconsistent allegations in Paragraph 69 of the Complaint.

70.     Answering paragraph 70 of the Complaint, Defendants allege that Sections 2.7 and 2.8 of Article II of the Amended and Restated Bylaws of HF Foods (the "Bylaws") speak for themselves.  Defendants deny all remaining and/or inconsistent allegations in Paragraph 70 of the Complaint.

71.     Answering paragraph 71 of the Complaint, Defendants allege that Section 2.7(a)(i) of the Bylaws speaks for itself.  Defendants deny all remaining and/or inconsistent allegations in Paragraph 71 of the Complaint.

72.     Answering paragraph 72 of the Complaint, Defendants allege that Section 2.7(a)(ii) of the Bylaws speaks for itself.  Defendants deny all remaining and/or inconsistent allegations in Paragraph 72 of the Complaint.

73.     Answering Paragraph 73 of the Complaint, Defendants allege that HF Foods'

public press release on March 31, 2023 speaks for itself and that the remaining allegations set forth in Paragraph 73 call for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the remaining allegations in Paragraph 73 of the Complaint may be construed as factual allegations, Defendants deny each and every remaining allegation set forth therein.

74.     Answering paragraph 74 of the Complaint, Defendants allege that Section 2.7(b)(i) of the Bylaws speaks for itself and affirmatively deny each and every remaining and/or inconsistent allegation set forth in Paragraph 74 of the Complaint.

75.     Answering paragraph 75 of the Complaint, Defendants admit that on April 10, 2023, Defendants Weihui Kwok and Yuanyuan Wu sent a letter to the Company and allege that the letter speaks for itself and affirmatively deny each and every remaining and/or inconsistent allegation set forth in Paragraph 75 of the Complaint.

76.     Answering paragraph 76 of the Complaint, Defendants allege that the April 10, 2023 letter speaks for itself and admit the quotation contained therein is accurate.

77.     Answering paragraph 77 of the Complaint, Defendants admit "Defendant Xu has been actively soliciting significant stockholders of the Company to acquire their shares" and that the initial nominees included Defendant Xu's son and niece. Defendant denies each and every remaining and/or inconsistent allegation set forth in Paragraph 77 of the Complaint.

78.     Answering Paragraph 78 of the Complaint, Defendants allege that the April 10, 2023 letter speaks for itself.  Defendants deny all remaining and/or inconsistent allegations in Paragraph 78 of the Complaint.

79.     Answering Paragraph 79 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 79 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

80.     Answering paragraph 80 of the Complaint, Defendants deny the allegations

contained therein.

81.   Answering paragraph 81 of the Complaint, Defendants allege that the April 10, 2023 letter speaks for itself. Defendants deny all remaining and/or inconsistent allegations in Paragraph 81 of the Complaint.

82.   Answering paragraph 82 of the Complaint, Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations set forth therein and upon that basis deny those allegations.

83.   Answering Paragraph 83 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 83 of the Complaint may be construed as factual allegations, Defendants allege that Section 2.7 of the Bylaws speaks for itself and deny each and every remaining and/or inconsistent allegation set forth in Paragraph 83 of the Complaint.

84.   Answering paragraph 84 of the Complaint, Defendants admit that on April 11, 2023, the Board sent a letter to Defendants Kwok and Wu and allege the letter speaks for itself. Defendants deny each and every remaining and/or inconsistent allegation set forth in Paragraph 84 of the Complaint.

85.   Answering Paragraph 85 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 85 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

86.   Answering paragraph 86 of the Complaint, Defendants admit that on March 31, 2023, HF Foods issued a press release and allege that the press release speaks for itself. Defendants deny all remaining and/or inconsistent allegations in Paragraph 86 of the Complaint.

87.     Answering paragraph 87 of the Complaint, this Paragraph calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein. Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 87 of the Complaint may be construed as factual allegations, Defendants allege that the April 28, 2023 Schedule 14A proxy statement speaks for itself and deny each and every remaining and/or inconsistent allegation set forth in Paragraph 87 of the Complaint.

88.     Answering paragraph 88 of the Complaint, Defendants allege that the Annual Meeting Notice and Bona Fide Proxy Statement speak for themselves and deny each and every remaining and/or inconsistent allegation set forth in Paragraph 88 of the Complaint.

89.     Answering paragraph 89 of the Complaint, Defendants allege that the Bona Fide Proxy Statement speaks for itself and deny each and every remaining and/or inconsistent allegation set forth in Paragraph 89 of the Complaint.

90.     Answering paragraph 90 of the Complaint, Defendants deny the allegations set forth therein except to admit the filings on May 5, 2023 with the U.S. Securities and Exchange Commission, which speak for themselves.

91.     Answering Paragraph 91 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 91 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

92.     Answering Paragraph 92 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 92 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

93.     Answering Paragraph 93 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 93 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

94.     Answering Paragraph 94 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 94 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

95.     Answering Paragraph 95 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 95 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

96.     Answering Paragraph 96 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 96 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

97.     Answering paragraph 97 of the Complaint, Defendants admit that they received the May 10, 2023 letter and allege that the May 10, 2023 letter speaks for itself.  Defendants deny all remaining and/or inconsistent allegations in Paragraph 97 of the Complaint.

98.     Answering paragraph 98 of the Complaint, Defendants admit they did not respond to the May 10, 2023 letters and deny each and every remaining allegation contained therein.

99.     Answering Paragraph 99 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 99 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

100.    Answering Paragraph 100 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 100 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

101.    Answering Paragraph 101 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 100 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein, except Defendants admit that the initial nominees included Defendant Xu's son and niece and that his son was removed and that his niece remained a nominee.

102.    Answering Paragraph 102 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 102 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

103.    Answering Paragraph 103 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 103

of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

## **COUNT I**

### **(Violations of Section 13(d) of the Exchange Act)**

104.    Answering Paragraph 104 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1-103 of the Complaint as if fully set forth herein.

105.    Answering Paragraph 105 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 105 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

106.    Answering Paragraph 106 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 106 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

107.    Answering Paragraph 107 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 107 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

108.    Answering Paragraph 108 of the Complaint, Defendants deny the allegations set forth therein.

109.    Answering Paragraph 109 of the Complaint, Defendants deny the allegations set forth therein.

110.    Answering Paragraph 110 of the Complaint, Defendants deny the allegations set forth therein.

## COUNT II
### (Violations of Section 14(a) of the Exchange Act)

111.    Answering Paragraph 111 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1-110 of the Complaint as if fully set forth herein.

112.    Answering Paragraph 112 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 112 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

113.    Answering Paragraph 113 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 113 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

114.    Answering Paragraph 114 of the Complaint, Defendants deny the allegations set forth therein.

115.    Answering Paragraph 115 of the Complaint, Defendants deny the allegations set forth therein.

116.    Answering Paragraph 116 of the Complaint, Defendants deny the allegations set forth therein.

/ / /

/ / /

/ / /

## COUNT III

### (Violations of Section 14(e) of the Exchange Act)

117.     Answering Paragraph 117 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1-116 of the Complaint as if fully set forth herein.

118.     Answering Paragraph 118 of the Complaint calls for a legal conclusion and therefore Defendants need not respond to the allegations set forth therein.  Nonetheless, in an abundance of caution, Defendants state that to the extent any of the allegations in Paragraph 118 of the Complaint may be construed as factual allegations, Defendants deny each and every allegation set forth therein.

119.     Answering Paragraph 119 of the Complaint, Defendants deny the allegations set forth therein.

120.     Answering Paragraph 120 of the Complaint, Defendants deny the allegations set forth therein.

121.     Answering Paragraph 121 of the Complaint, Defendants deny the allegations set forth therein.

122.     Answering Paragraph 122 of the Complaint, Defendants deny the allegations set forth therein.

## AFFIRMATIVE DEFENSES

Defendants, without altering the burdens of proof that the parties must bear, assert the following affirmative defenses to the Complaint and the claims asserted therein, and Defendants specifically incorporate into their affirmative defenses the answers to the preceding paragraphs, as if fully set forth herein.

1.     The Complaint fails to state a claim for relief against Defendants upon which relief can be granted.

2.      Plaintiff's claims for relief are barred by the doctrines of estoppel, laches and/or unclean hands.

3.      Plaintiff's claims for relief are barred based on the doctrine of ratification.

4.      Plaintiff's claims for relief are barred based on the doctrine of waiver.

5.      Plaintiff's claims for relief are barred based on the doctrine of accord and satisfaction.

6.      Plaintiff is barred from any relief against Defendants based on Plaintiff's own misrepresentations, omissions and/or failures to act.

7.      Plaintiff is barred from any relief against Defendants because Plaintiff failed to satisfy conditions precedent and/or subsequent.

8.      Plaintiff is barred from any relief against Defendants based on Plaintiff's breach of its own contractual duties and/or obligations.

9.      Plaintiff is barred from any relief against Defendants based on Plaintiff's breach of its own covenants of good faith and fair dealing.

10.      Plaintiff is barred from any relief against Defendants because Plaintiff was not injured or damaged, if at all, to the extent claimed by Plaintiff in the Complaint, and/or such damages, if any, were not proximately caused by an action or inaction of Defendants.

11.      Defendants allege that they have suffered damages from the Plaintiff's conduct and have a right to offset against Plaintiff's damages, if any, including attorneys' fees and costs incurred in this matter.

12.      Plaintiff, through the exercise of reasonable effort, could have mitigated its damages, if any, but has failed and refused, and continues to fail and refuse, to exercise a reasonable effort to mitigate or prevent avoidable damages, and is therefore barred from seeking recovery for such alleged damages.

13.      Plaintiff's claims are barred by the statute of frauds.

14.     Plaintiff's claims are barred because Defendants' alleged conduct, actions and/or omissions are privileged, and are therefore immune from liability.

15.     Plaintiff is precluded from recovery as set forth in the Complaint under the applicable statutes of limitations and repose.

16.     Plaintiff's damages, if any, were caused by the acts or omissions of Plaintiff and/or third parties over which Defendants had no control, and therefore, Plaintiff is precluded from any recovery against Defendants based on such conduct.

17.     Any recovery by the Plaintiff must be settled, reduced, abated, offset and/or apportioned to the extent that any other party's or non-party's actions, including those of the Plaintiff, caused or contributed to the Plaintiff's damages, if any.

18.     Plaintiff's claims are barred because Defendants acted at all times in good faith, in accordance with their contractual and/or legal rights and obligations, and in conformity with all applicable laws and regulations, and therefore did not act improperly.

19.     Plaintiff's claims are barred because Defendants have neither violated, nor taken any actions even remotely in derogation of, any securities laws.

20.     Plaintiff's claims are barred because any acts or omissions of Defendants were superseded by the acts or omissions of others, including Plaintiff, which were intervening, independent, proximate and legal causes of any injury, damage or loss to Plaintiff, either as alleged or otherwise.

21.     Plaintiff's claims are barred because Defendants performed no acts, deeds, omissions or failures to act relevant to the subject matter of the Plaintiff's Complaint, which would create any liability or duty whatsoever on the part of Defendants to Plaintiff.

22.     Plaintiff's claims are barred under the economic loss rule.

23.     Plaintiff's claims are barred in whole or in part by the business judgment rule.

24.     Plaintiff's claims are barred in whole or in part by fraud or misrepresentation perpetrated on Defendants by Plaintiff.

25.     Plaintiff's claims are barred because Plaintiff has suffered no damages herein and is seeking to obtain a windfall from Defendants.

26.     Plaintiff's claims are barred because Defendants owed no duty to Plaintiff as alleged in the Complaint.

27.     Plaintiff is barred from recovery based on applicable statutes.

28.     Plaintiff's claims fail for lack of standing.

29.     Plaintiff's claims fail because certain Defendants are not proper parties to this action.

30.     One or more of Plaintiff's claims are barred by Plaintiff's failure to plead fraud or misrepresentation with particularity.

31.     Plaintiff's claims are barred because the Defendants do not constitute a group under the securities laws, or otherwise.

32.     Plaintiff's claims are barred because Plaintiff is not the real party in interest and cannot assert any claims against Defendants.

33.     Plaintiff's claims for injunctive and/or declaratory relief are moot.

34.     Without admitting that the Complaint states a viable claim for relief, any remedies are limited to the extent there is sought an overlapping or duplicative recovery for the various claims against Defendants or others for any alleged single wrongdoing.

35.     Defendants deny each and every allegation of the Complaint that is not specifically admitted herein.

36.     Defendants hereby incorporate by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure. In the event further investigation or discovery reveals the applicability of any such defenses, Defendants reserve the right to seek leave of the Court to amend its Answer to specifically assert the same. Such defenses are incorporated herein by reference for the specific purpose of not waiving the same.

37.     Pursuant to Fed. R. Civ. P. 11, to the extent that additional affirmative defenses have not been alleged herein, including, without limitation, due to sufficient facts being unavailable despite reasonable inquiry, Defendants reserve the right to amend this Answer to allege any and all such additional affirmative defenses.

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

3

1.  That judgment be entered in Defendants' favor on all claims for relief and that the

4

Complaint be dismissed with prejudice;

5

2.  That Plaintiff take nothing by way of the Complaint;

6

3.  That Defendants be awarded their reasonable attorneys' fees, expert witness fees and

7

all other costs or expenses incurred in connection with their defense of this matter; and

8

4.  For all other and further relief as the Court may deem just and proper.

9

DATED this 15th day of December, 2023.

10

SKLAR WILLIAMS PLLC

11

12

*/s/ Stephen R. Hackett*

13

Stephen R. Hackett, Esq.
Nevada Bar No. 5010

14

David B. Barney, Esq.
Nevada Bar No.: 14681

15

410 S. Rampart Blvd., Ste. 350

16

Las Vegas, NV 89145
Telephone: (702) 360-6000

17

Facsimile: (702) 360-0000
Email: shackett@sklar-law.com

18

dbarney@sklar-law.com

19

*Attorneys for Defendants*

20

21

22

23

24

25

26

27

28

.

23

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of December, 2023, the foregoing **DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** was filed electronically through the Court's CM/ECF Filing System, to all the parties and counsel as identified on the court-generated Notice of Electronic filing.

*/s/ Jessica Uriostegui*
An Employee of Sklar Williams PLLC