FRANK M. FLANSBURG III, ESQ., Nevada Bar No. 6974
fflansburg@bhfs.com
MAXIMILIEN D. FETAZ, ESQ., Nevada Bar No. 12737
mfetaz@bhfs.com
EMILY L. DYER, ESQ., Nevada Bar No. 14512
edyer@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:   702.382.8135

AARON F. MINER, ESQ. (*pro hac vice*)
Aaron.Miner@arnoldporter.com
SASHA ZHENG, ESQ. (*pro hac vice*)
Sasha.Zheng@arnoldporter.com
ANDREW C. JOHNSON, ESQ. (*pro hac vice*)
Andrew.Johnson@arnoldporter.com
KELLEY CHANGFONG-HAGEN, ESQ. (*pro hac vice*)
Kelley.Changfong-Hagen@arnoldporter.com
AIDAN MULRY, ESQ. (*pro hac vice*)
Aidan.Mulry@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone:  212.836.7811

*Attorneys for Plaintiff HF Foods Group, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HF FOODS GROUP INC., a Delaware corporation,<br><br>                     Plaintiff,<br><br>          v.<br><br>MAODONG XU; ZHOU MIN NI; FAI LAM, in his capacity as Trustee of THE IRREVOCABLE TRUST FOR RAYMOND NI; WEIHUI KWOK; and YUANYUAN WU,<br><br>                     Defendants. | CASE NO.: 2:23-cv-00748-GMN-DJA<br><br>**JOINT STIPULATION AND ~~PROPOSED~~ ORDER TEMPORARILY STAYING ACTION PENDING SETTLEMENT DISCUSSIONS**<br><br>**(FIRST REQUEST)** |

. . .

. . .

. . .

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

29064763.1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Plaintiff HF Foods Group Inc. ("Plaintiff"), through its counsel of record Brownstein Hyatt Farber Schreck LLP and Arnold & Porter Kaye Scholer LLP; and Defendants Yuanyuan Wu ("Ms. Wu"), Fai Lam, in his capacity as Trustee of The Irrevocable Trust for Raymond Ni ("Mr. Lam"), Weihui Kwok ("Mr. Kwok"), Zhou Min Ni ("Mr. Ni"), and Maodong Xu ("Mr. Xu") (collectively, "Defendants"), through their counsel of record Sklar Williams PLLC, hereby stipulate, contingent on this Court's approval, as follows:

1. Plaintiff filed its Complaint for Damages and Declaratory and Injunctive Relief for Violations of the Federal Securities Laws on May 11, 2023 (ECF No. 2).

2. Defendants filed their Answer on December 15, 2023 (ECF No. 57).

3. On January 29, 2024, the Parties filed their Joint Discovery Plan and Scheduling Order (ECF No. 59).

4. On February 1, 2024, the Court entered its Order regarding the Joint Discovery Plan and Scheduling Order (ECF No. 60), which set the following discovery deadlines:

    a. Amend pleadings/add parties: March 14, 2024

    b. Expert disclosures: April 15, 2024

    c. Rebuttal expert disclosures: May 15, 2024

    d. Discovery cutoff: June 12, 2024

    e. Dispositive motions: July 12, 2024

    f. Joint pretrial order: August 12, 2024

5. The Parties have engaged in minimal discovery:

    a. On February 2, 2024, Plaintiff served deposition notices on each of the Defendants.

    b. On February 2, 2024, the Parties served their respective Initial Disclosures Pursuant to FRCP 26(a)(1).

    c. On February 16, 2024, Plaintiff propounded First Set of Requests for Production of Documents on each of the Defendants.

    d. On February 29, 2024, Plaintiff served a Notice of Deposition of Nonparty Raymond Ni.

29064763.1

e.   On March 8, 2024, Plaintiff served a Notice of Deposition of Nonparty Josh Li.

f.   Throughout February and into March 2024, the Parties engaged in extensive discussions regarding the location of the depositions of the Defendants given that they reside in different states and their extended international travel schedules.  The Parties also discussed the possibility of coordinating the depositions of the nonparties noticed or to be noticed with the Defendants' depositions given the nonparties' locations and availability.

g.   As detailed below, the depositions and deadline to respond to the discovery requests propounded were continued pending the Parties' settlement discussions.

6.   In March 2024, the parties began engaging in good faith settlement discussions.  As a result, on March 12, 2024, the Parties agreed to stay their efforts to coordinate the depositions that had been noticed and schedule the depositions of other nonparties that Plaintiff was in the process of subpoenaing.

7.   Because settlement discussions were ongoing, on March 18, 2024, Defendants requested a two-week extension to respond to the First Set of Requests for Production of Documents, and Plaintiff agreed.

8.   On March 29, 2024, the Parties agreed to allow Defendants an open extension to respond to the First Set of Requests for Production of Documents to allow for additional time for the Parties to continue their settlement discussions.

9.   The Parties have since exchanged draft settlement proposals and have made substantial progress toward a settlement.  However, the draft settlement proposals in this case are also being coordinated with draft settlements in other matters involving certain defendants in this case and HF Foods Group Inc., brought by the United States Securities and Exchange Commission ("SEC"). On June 4, 2024, the SEC announced a settled action with Defendant Zhou Min Ni in *Sec. & Exch. Comm'n v. Ni, et al.*, No. 1:24-cv-01632 (D.D.C.).  As part of the proposed settlement in that action—subject to and pending the court's approval—Defendant Zhou Min Ni will be

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

3

enjoined from "directly or indirectly participating in the management of, or otherwise exercising any control or influence over, HF Foods." The parties are now considering how this settled action impacts the proposed settlement here, and believe they can productively resolve any impact to a settlement in this action from the June 4, 2024 SEC settled action against Zhou Min Ni.

10.     That said, in light of the settled action, and the pending settlement proposals in the remaining SEC matters, the parties require additional time to evaluate the impact of the SEC actions here and effectuate a settlement. However, the parties believe that the remaining SEC matters will be sufficiently resolved within the next 120 days which will in turn enable the parties to finalize a settlement of this action.

11.     Accordingly, the Parties believe the settlement proposals in this case and the SEC matters will require further discussion for approximately 120 days during which time the Parties believe that engaging in discovery would be counterproductive to a resolution of this action. As of the date of this filing, the Parties jointly believe a settlement here is in their interest and will be reached, they just need additional time.

12.     Accordingly, pursuant to LR 26-6, the Parties hereby stipulate and agree that all court proceedings and deadlines, including all discovery deadlines set forth in the Order regarding the Joint Discovery Plan and Scheduling Order (ECF No. 60), should be stayed for 120 days.

13.     On May 22, 2024, the Parties filed a Joint Stipulation and Proposed Order to Continue Deadlines in the Discovery Plan and Scheduling Order (ECF No. 62), wherein the Parties stipulated to continue the discovery deadlines set forth in the Order regarding the Joint Discovery Plan and Scheduling Order (ECF No. 60) for 120 days. The Court issued a Minute Order (ECF No. 63) on May 23, 2024, denying the Joint Stipulation without prejudice. In the Minute Order, the Court inquired whether the Parties are seeking to stay discovery instead of requesting an extension of the discovery deadlines, advising that to stay discovery, the Parties must brief the "good cause" standard articulated in *Gibson v. MGM International*, No. 2:23-cv-00140-MMD-DJA, 2023 WL 4455726 (D. Nev. July 11, 2023).

14.     When considering whether to stay discovery pending a dispositive motion, this Court in *Gibson* considered "(1) whether the dispositive motion can be decided without further

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

discovery, and (2) whether good cause exists to stay discovery." *Id.* at *3.  When a stay is sought to prevent undue burden or expense, it must be shown "what undue burden or expense will result from discovery proceeding when a dispositive motion is pending." *Id.*

15.     The Parties submit that they have agreed to extend the discovery deadlines, or alternatively, stay discovery pending their settlement discussions as the Parties jointly believe a settlement here will be reached if they are permitted additional time.

16.     Although there is no dispositive motion pending, the Parties submit that there is good cause to stay discovery.  The Parties also submit that this Court has the inherent power to stay discovery, which should be exercised here for the same reasons.

17.     The Court has the power to stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the "competing interests of the parties and of the Court." *Coker v. Dowd*, No. 2:13-CV-0994-JCM-NJK, 2013 WL 12216682, at *1 (D. Nev. July 8, 2013). The competing interests that may be considered include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

18.     The Parties submit that the competing interests weigh in favor of a stay. A stay will promote judicial economy and allow this Court to more effectively control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and the litigants. Given that this case is in its early stages and minimal discovery has been conducted and no trial date has been set further supports a stay to allow the Parties an opportunity to resolve this case amongst themselves.

19.     Good cause exists to stay the case pending settlement discussions because it will save the Parties from having to incur additional, potentially unnecessary litigation costs.  The Parties believe that discovery in this matter will be particularly costly given where the Defendants

5

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1   and nonparty fact witnesses are located, requiring the Parties to travel for depositions, and the need

2   for translators.  Additionally, as explained in the Joint Discovery Plan and Scheduling Order (ECF

3   No. 59), the Parties believe discovery will be complicated and costly in this case as discovery

4   material may be in other languages that will need to be translated.

5        20.     Accordingly, the Parties submit that good cause exists and that the competing

6   interests weigh in favor of a stay pending the Parties' good-faith settlement discussions.

7        21.     This stipulation is entered in good faith, is reasonably necessary, and is not made

8   with undue delay, dilatory motive, or bad faith.

9        22.     This is the Parties' first request to stay this proceeding.

10  DATED this 7th day of June, 2024.          DATED this 7th day of June, 2024.

11  **BROWNSTEIN HYATT**                       **SKLAR WILLIAMS PLLC**
    **FARBER SCHRECK, LLP**
12

13  By: */s/ Emily L. Dyer*                    By: */s/ Stephen R. Hackett*
    FRANK M. FLANSBURG III, ESQ.              STEPHEN R. HACKETT, ESQ.
14  MAXIMILIEN D. FETAZ, ESQ.                  Nevada Bar No. 5010
    EMILY L. DYER, ESQ.                        shackett@sklar-law.com
15                                             410 S. Rampart Blvd., Suite 350
    **ARNOLD & PORTER KAYE**                   Las Vegas, NV 89144
16  **SCHOLER LLP**                            Telephone:  702.360.6000
    AARON F. MINER, ESQ.                       Facsimile:  702.360.0000
17  (*pro hac vice*)
    SASHA ZHENG, ESQ.                          *Attorney for Defendants Zhou Min Ni; Fai*
18  (*pro hac vice*)                           *Lam, in his capacity as Trustee of The*
    ANDREW C. JOHNSON, ESQ.                    *Irrevocable Trust for Raymond Ni; Weihui*
19  (*pro hac vice*)                           *Kwok; Yuanyuan Wu and Maodong Xu*
    KELLEY CHANGFONG-HAGEN, ESQ.
20  (*pro hac vice*)
    AIDAN MULRY, ESQ.
21  (*pro hac vice*)
    *Attorneys for Plaintiff HF Foods Group, Inc.*
22

23  **IT IS THEREFORE ORDERED** that the parties' stipulation to stay discovery (ECF No. 64)
    is **GRANTED**.  Discovery is stayed until **October 8, 2024.**  The parties must file a stipulation
24  regarding the status of the settlement discussions and addressing the need for additional
    discovery on or before **October 22, 2024.**
25

26  _____
    DANIEL J. ALBREGTS
27  UNITED STATES MAGISTRATE JUDGE

28  DATED: June 10, 2024

29064763.1